# EXHIBIT A

Filed          26-CI-001749     02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT

03/01/2026 05:12:18
PM

CIVIL ACTION NO. 26-CI-_____          JEFFERSON CIRCUIT COURT
                                         DIVISION NO. 89864-12
                                         HON. JUDGE _____

*Electronically Filed*

MAXGLENE MARIELA GUERRA ARIAS,                          PLAINTIFFS
Individually and as Administratrix of the Estate of
Carlos Alberto Fernandez

v.                          **COMPLAINT**

UNITED PARCEL SERVICE, INC.                             DEFENDANTS
55 Glenlake Parkway,
NE Atlanta, GA 30328

      **Serve:**      By USPS certified mail pursuant to CR 4.01

                  Corporation Service Company
                  315 High Street
                  Frankfort, KY, 40601

-and-

UNITED PARCEL SERVICE CO. (AIR)
1400 North Hurstbourne Parkway,
Louisville, KY 40223

      **Serve:**      By USPS certified mail pursuant to CR 4.01

                  Corporation Service Company
                  315 High Street
                  Frankfort, KY, 40601

-and-

GENERAL ELECTRIC COMPANY
1 Neumann Way,
Evendale, Ohio 45215

      **Serve:**      By USPS certified mail pursuant to CR 4.01

                  CT CORPORATION SYSTEM
                  306 W Main Street, Suite 512
                  Frankfort, KY, 40601

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000001 of 000036

Filed          26-CI-001749     02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

Filed                    26-CI-001749    02/27/2026        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT

03/01/2026 05:12:18 PM

89864-12

-and-

BOEING COMPANY
929 Long Bridge Drive
Arlington, VA 22202

     **Serve:**     By USPS certified mail pursuant to CR 4.01

                    Corporation Service Company
                    315 High Street
                    Frankfort, KY, 40601

-and-

VT SAN ANTONIO AEROSPACE, INC.
9800 John Saunders Road
San Antonio, TX 78216

     **Serve:**     KENTUCKY SECRETARY OF STATE (KRS § 454.210(3)(c))
                    MAIL TO:

                    VT San Antonio Aerospace, Inc.
                    9800 John Saunders Road
                    San Antonio, TX 78216-4202

*** *** *** *** ***

Come the Plaintiffs, Maxglene Mariela Guerra Arias, Individually, and as Administratrix of the Estate of Carlos Alberto Fernandez, by and through counsel, and hereby state the following in support of this action against the Defendants:

### INTRODUCTION

1.     On November 4, 2025, at approximately 5:14 p.m., UPS Flight 2976, a United Parcel Service cargo aircraft, taxied from UPS Worldport to Runway 17R at Louisville Muhammad Ali International Airport, carrying more than 38,000 gallons of jet fuel for its scheduled flight to Honolulu, Hawaii. As the MD-11F accelerated down the runway, its left wing erupted in flames. Moments later, the engine attached to the burning wing detached as the aircraft lifted off. The MD-11F climbed to roughly 100 feet above ground level before crashing to the ground and skidding

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000002 of 000036

2

Filed          26-CI-001749    02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM
89864-12

through an industrial district just south of the airport, destroying everything in its path. Multiple explosions followed, sending massive plumes of fire and smoke into the air, which took more than 30 hours to get under control. As a result of this crash, the three crew members aboard the plane and eleven people on the ground were fatally injured. At least twenty-three individuals on the ground were injured.



(Source: AFP)

Presiding Judge: HON. ANN BAILEY SMITH (630350)

## PARTIES, JURISDICTION, AND VENUE

**A.  Carlos Alberto Fernandez, Decedent, and Maxglene Mariela Guerra Arias, Individual Plaintiff and Administratrix for the Estate of Decedent Fernandez**

2.      On November 4, 2025, Carlos Alberto Fernandez ("Fernandez") was 52 years old. He was a Kentucky citizen residing in Jefferson County.

3.      On November 4, 2025, Maxglene Mariela Guerra Arias ("Plaintiff") was and is a Kentucky citizen residing in Jefferson County.

4.      In the late afternoon/early evening of November 4, 2025, Fernandez and Maxglene were both present as customers at a business within an industrial district adjacent to the Louisville

COM : 000003 of 000036

3

Filed          26-CI-001749    02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/01/2026 05:12:18 PM
89864-12

airport (SDF).

5.      A UPS MD-11F aircraft that was taking off from SDF crashed into the industrial district area where Fernandez and Maxglene were located, causing a large explosion and engulfing the area in fire.

6.      Maxglene survived the explosion resulting from the UPS Crash, but she sustained serious, catastrophic injuries and life-altering damages.

7.      Carlos did not survive the explosion resulting from the UPS Crash.

8.      Carlos is survived by his wife, Maxglene.

9.      Maxglene has since been lawfully and duly appointed as Administratrix of The Estate of Carlos Alberto Fernandez, and she brings these independent claims on behalf of the Estate of Fernandez and the wrongful death beneficiaries for all damages which may be sought, including the survivorship claims and the wrongful death claims of Decedent Fernandez.[1]

10.     Maxglene also brings claims in her individual capacity for all applicable damages that she sustained as a result of the UPS Crash, including the loss of her husband.

**B.  Defendants**

11.     At all times relevant to this action, UNITED PARCEL SERVICE, INC. (hereinafter "UPS") was a corporation formed under the law of the State of Delaware with its principal place of business located at 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328. The subject aircraft was operated as part of UPS Air Cargo Services.

12.     At all relevant times to this action, UNITED PARCEL SERVICE CO. (AIR) (hereinafter "UPS AIR") was a corporation formed under the law of the State of Delaware with its principal place of business located at 1400 North Hurstbourne Parkway, Louisville, Kentucky,

---

[1] *See* **Exhibit 1**: Order of Appointment (January 8, 2026).

4

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000004 of 000036

Filed  26-CI-001749  02/27/2026  David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/01/2026 05:12:18 PM
89864-12

40223.

13. UPS AIR operates as the UPS Airlines entity, domiciled in Delaware, licensed to do business in Kentucky, and with its principal physical operations (Worldport hub) in Louisville.

14. UPS AIR operates UPS's cargo airline. It holds the FAA 14 C.F.R. Part 121 certificate for UPS Airlines (the operator of UPS flights) and employs the airline's crew and personnel.

15. Upon information and belief, UPS AIR was and remains the registered owner and operator of the subject aircraft.

16. UPS AIR's principal place of business is in Louisville, KY, at the company's global air cargo hub, Worldport.

17. The scale of operations at UPS Worldport, where UPS AIR is based, is massive. UPS Airlines owns more than 275 planes and leases more than 200 more. Three hundred or more flights take off and land at Worldport each day.

18. UPS AIR is led by Bill Moore, UPS Airlines President, who manages global air operations, UPS Worldport, 3,200+ pilots, aircraft maintenance decisions, and fleet grounding decisions.

19. Moore was previously President of UPS Aircraft Maintenance and Engineering, where he was responsible for safety, regulatory performance, fleet reliability, and aircraft performance. Moore recently proclaimed that "Louisville is the heart of our global air network."

20. The Global Operations Center for UPS AIR and worldwide UPS Airlines flight operations is also based in Louisville.

21. Operational functions at the Global Operations Center for UPS AIR and worldwide UPS Airlines flight operations include, but are not limited to, aircraft routing decisions, flight and

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000005 of 000036

5

Filed  26-CI-001749  02/27/2026  David L. Nicholson, Jefferson Circuit Clerk

Filed 26-CI-001749 02/27/2026 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT

PM

03/01/2026 05:12:18

89864-12

maintenance crew assignment, and real-time global operations coordination.

22. Upon information and belief, at all times relevant herein, UPS aircraft maintenance protocols were decided in Louisville, fleet reliability was managed from Louisville, inspection intervals were determined in Louisville, and component decisions were made in Louisville.

23. In November of 2025, a global decision to ground an entire MD-11 fleet (80-plus aircraft, approximately 9 percent of the total UPS Air fleet) was made in Louisville by UPS Airlines president, Bill Moore.

24. Upon information and belief, UPS AIR is the primary airline operating under an FAA 14 CFR Part 121 air carrier certificate.

25. Upon information and belief, this certificate is overseen by UPS's dedicated Certificate Management Office (CMO) in Louisville, Kentucky.

26. At all times relevant to this action, GENERAL ELECTRIC COMPANY (hereinafter "GE") was a corporation formed under the law of the State of New York with its principal place of business located at 1 Neumann Way, Evendale, Ohio 45215. GE designed and/or manufactured the engines on this aircraft.

27. At all times relevant to this action, THE BOEING COMPANY (hereinafter "BOEING") was a corporation formed under the law of the State of Delaware. Boeing is the successor to McDonnell Douglas, which designed and manufactured the UPS MD-11F aircraft, and holds the airworthiness type certificate for this aircraft.

28. At all times relevant to this action, VT SAN ANTONIO AEROSPACE, INC. (hereinafter "VT SAA") was a corporation formed under the laws of the State of Texas with its principal place of business located at 9800 John Saunders Road, San Antonio, TX 78216. On information and belief, VT SAA performed maintenance and repair work on the aircraft in the

6

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000006 of 000036

Filed          26-CI-001749       02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM
89864-12

weeks prior to the crash.

## C. Jurisdiction and Venue

29.     The incident giving rise to this action occurred in Jefferson County, Kentucky, and the damages are in excess of the jurisdictional limits of this Court.

30.     The Court has personal jurisdiction over each Defendant, including those not residing in Kentucky pursuant to KRS § 454.210, as each meets the statutory definition of a "person," and these claims arise from the actions of each "directly or by an agent" in that each Defendant regularly transacted and/or solicited business in the Commonwealth and/or derived substantial revenue from goods used or consumed or services rendered in the Commonwealth and/or contracted to supply goods or services in the Commonwealth and/or caused injury by an act or omission in the Commonwealth and/or caused injury in the Commonwealth by an act or omission outside the Commonwealth.

31.     Venue is proper in Jefferson County because Plaintiff's and Decedent's injuries, including death, arose in this County and because at least some part of Defendants' wrongful conduct occurred in Jefferson County.

## FACTS COMMON TO ALL COUNTS

32.     The UPS Flight 2976 is only the latest catastrophe involving the MD-11F, which, upon information and belief, has the second-worst safety record of any commercial aircraft still in service. In 2009, two MD-11Fs suffered major crashes, including a fatal crash involving a FedEx MD-11F in Tokyo.

33.     The MD-11 is a three-engine widebody passenger airplane originally manufactured by McDonnell-Douglas, which subsequently merged with BOEING. The MD-11F is the freighter version of the MD-11.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000007 of 000036

Filed          26-CI-001749       02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

Filed    26-CI-001749    02/27/2026    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM
89864-12

34.    The subject aircraft, which was registered as N259UP (referenced herein as "aircraft" or "UPS Flight 2976"), was a 34-year-old McDonnell Douglas MD-11F with manufacturer serial number 48417. The aircraft was originally delivered to Thai Airways International in 1991 under the registration HS-TME. It was later converted to a cargo configuration and delivered to UPS in 2006. At the time of the crash, the aircraft had accumulated about 92,992 hours and 21,043 cycles.

35.    The aircraft was equipped with three CF6-80C2D1F engines designed and manufactured by GE.

36.    The left and right engines of the MD-11 airplane are attached to the underside of pylons that are in turn attached to the underside of each wing. The center engine is attached to the base of the vertical stabilizer. The left and right pylons each attach to their respective wings via a forward mount bulkhead, a thrust link assembly, and an aft mount bulkhead. The forward mount bulkhead contains two vertically aligned spherical bearings (upper and lower) that attach to the wing.

37.    The thrust link assembly, located immediately behind the forward mount bulkhead's lower spherical bearing, primarily transmits thrust loads. The pylon aft-mount bulkhead is an assembly composed of two independent fittings bolted together, with lugs (forward and aft) that house a single spherical bearing. A wing clevis on the underside of each wing connects to the pylon aft mount bulkhead via attachment hardware.

38.    The aircraft was maintained under a continuous airworthiness maintenance program. VT SAA performed maintenance on the aircraft from September 3, 2025, through October 18, 2025, in San Antonio, Texas, according to flight logs.

39.    Between September 3, 2025, and October 18, 2025, the aircraft was undergoing

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000008 of 000036

8

Filed 26-CI-001749 02/27/2026 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM
89864-12

extensive maintenance for significant structural issues, including a crack in the center wing fuel tank and corrosion on structural components. The 24-month/4,800-hour lubrication task for the pylon thrust links and pylon spherical bearings was last completed on October 18, 2025.

40.     UPS Worldport is Defendant UPS's main global air hub. It is a 5.2 million-square-foot global facility where 12,000 employees process more than 2,000,000 packages each day. It houses two 275,000 square-foot aircraft hangars. The facility has the capacity to house up to 125 aircraft at any given time and sees more than 300 takeoffs and landings each day.

41.     At or around 5:07 p.m., UPS Flight 2976 taxied from UPS Worldport to the runway at Louisville Muhammad Ali International Airport (SDF) laden with more than 38,000 gallons of jet fuel for its scheduled flight to Honolulu, Hawaii.  At or around 5:11 p.m., on November 4, 2025, UPS Flight 2976 received takeoff clearance from the SDF air traffic control tower, and the flight crew acknowledged the takeoff clearance.

42.     At or around 5:14 p.m., as UPS Flight 2976 accelerated down Runway 17R, the aircraft initiated its takeoff roll but reached an altitude of only 30 feet above ground level (according to the flight data recorder) or 100 feet above ground level (according to ADS-B data) when the left engine and pylon separated from the wing. A fire ignited near the area of the left pylon attachment to the wing, which continued until ground impact.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000009 of 000036

9

Filed          26-CI-001749     02/27/2026                    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL

DOCUMENT

03/01/2026 05:12:18

PM

89864-12



(Source: NTSB)

43.     The left engine landed intact along the right side of Runway 17R, along with the left pylon, including its forward and aft mount bulkheads, fragments of engine fan blades, and separated pieces from the left engine. The bulk of the left engine pylon was still attached to the left engine when the engine separated from the wing.

44.     The right engine remained attached to the right wing pylon, both found at the crash site. The right wing pylon-to-wing forward and aft mount bulkheads had separated from the right wing pylon but were found about 87 feet from the right engine. The right pylon aft mount bulkhead remained attached to the right wing clevis.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000010 of 000036

10

NOT ORIGINAL
DOCUMENT
PM
03/01/2026 05:12:18
89864-12



The pylon-to-wing mount diagram, with the inset image showing details of the pylon aft mount bulkhead connection to the wing clevis. (Source: Boeing, edited by NTSB).

45.     The aircraft cleared the runway fence at the back of the airfield, but the left main landing gear impacted the roof of a UPS Supply Chain Solutions warehouse at the southern edge of the airport. The aircraft then impacted a storage yard and two additional buildings, including a petroleum recycling facility located in an industrial district just south of the airport.

46.     The cockpit voice recorder (CVR) from UPS Flight 2976 reveals that the crew completed their standard checklists and briefings in preparation for the flight. The takeoff roll was uneventful through the different speed callouts.

47.     The CVR audio also revealed that approximately 37 seconds after the crew called for takeoff thrust, a repeating bell was heard, which persisted until the end of the recording, 25 seconds later. During that time, the crew was engaged in efforts to control the aircraft before the crash.

11

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000011 of 000036

Filed          26-CI-001749      02/27/2026                David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM
89864-12

48.     Both Maxglene and her husband were present as customers at a business located in the industrial district where the aircraft crashed at the time of the incident.

49.     The crash of UPS Flight 2976 acted like a bomb, igniting more than 38,000 gallons of jet fuel, as well as combustible materials in surrounding locations. These combustibles included oils located at the nearby petroleum recycling company. The post-impact fire that ensued took more than 30 hours to bring under control.

50.     Maxglene was severely injured, and her husband was killed in the post-impact fire and devastation that occurred when the aircraft struck the industrial district just south of the airport.

51.     The left pylon aft mount, fractured lugs from the left pylon aft mount, and the left wing clevis (containing the aft mount spherical bearing and attachment hardware) were retained for further examination at the NTSB Materials Laboratory. The right pylon aft mount and wing clevis assembly, as well as two engine fan blade fragments found on runway 17R, were also retained for further examination at the NTSB Materials Laboratory.



(Source: NTSB)

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000012 of 000036

12

NOT ORIGINAL DOCUMENT

03/01/2026 05:12:18

PM

89864-12

52. After initial cleaning of the fracture surfaces, examination of the left pylon aft mount lug fractures found evidence of fatigue cracks in addition to areas of overstress failure. On the aft lug, on both the inboard and outboard fracture surfaces, a fatigue crack was observed where the aft lug bore met the aft lug's forward face. For the forward lug's inboard fracture surface, fatigue cracks were observed along the lug bore. For the forward lug's outboard fracture surface, the fracture consisted entirely of overstress with no indications of fatigue cracking. The forward top flange of the aft mount assembly was examined for indications of deformation or pre-existing fractures, but no indications were found. The spherical bearing was removed from the wing clevis for further evaluation.



The spherical bearing and attachment hardware were removed from the left wing clevis. (Source: NTSB).

53. On November 7, 2025, Boeing released a statement recommending that the operators of the MD-11F suspend flight operations while additional engineering analysis was performed.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000013 of 000036

13

Filed                26-CI-001749      02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/01/2026 05:12:18 PM
89864-12

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000014 of 000036

54.     On November 8, 2025, the Federal Aviation Administration (FAA) issued Emergency Airworthiness Directive (AD) 2025-23-51 grounding all Model MD-11 and MD-11F airplanes because the agency determined the unsafe condition present in the UPS Flight 2976 crash is likely to exist or develop on other products of the same design type.

### COUNT I – UPS – NEGLIGENCE –- WRONGFUL DEATH

55.     Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

56.     Defendant UPS, at all times relevant, was engaged in the business of transportation and logistics, including cargo aircraft operations, for the commercial transport of freight.

57.     As an operator of aircraft in the national airspace system, UPS owed a duty to exercise reasonable care in the operation, maintenance, inspection, and control of its aircraft to prevent unnecessary risks of harm to persons and property in the aircraft and on the ground.

58.     Defendant UPS knew or reasonably should have known that the UPS MD-11F aircraft used on UPS Flight 2976 was in disrepair or was otherwise dangerous and unsafe.

59.     Defendant UPS breached its duties of reasonable care in one or more of the following ways:

   a. Operated the UPS MD-11F aircraft when it was not in an airworthy condition;

   b. Allowed the aircraft to fly despite defects or unsafe conditions affecting the left wing, left engine, or related components of the aircraft Defendant knew or should have known about; and/or

   c. Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

60.     Defendant UPS negligently, recklessly, wantonly, carelessly, maliciously, and/or unlawfully failed to exercise reasonable care in the maintenance, inspection, repair, and/or

14

Filed        26-CI-001749    02/27/2026    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM
89864-12

operation of the MD-11F aircraft used on UPS Flight 2976 and/or its component parts and/or component products, including but not limited to the left wing, left engine, and fixtures, components, and products that were used or were intended to be used to secure the engine on board UPS Flight 2976, and in its decision to operate the MD-11F aircraft used on UPS Flight 2976 despite its knowledge of alerts and/or defects with the aircraft, thereby creating an unreasonable risk of harm to Plaintiff's Decedent and others.

61.     As a direct and legal result of the negligent, reckless, malicious, unlawful, and/or wrongful acts and/or omissions of Defendant UPS, the left engine on UPS Flight 2976 detached from the aircraft's left wing and caused the injuries, including death, as alleged herein.

62.     Plaintiff is the duly appointed Administratrix of the Estate of Decedent Fernandez and brings this claim pursuant to KRS 411.130 and KRS 411.133 for the wrongful death of Decedent Fernandez.

63.     On or about November 4, 2025, Decedent Fernandez died as a direct and proximate result of the negligent and careless acts and omissions of Defendant, including but not limited to the failure to safely maintain the MD-11F used during UPS Flight 2976.

64.     As a result of Defendant's wrongful conduct, Decedent Fernandez suffered fatal injuries, causing his death, and damages recoverable under KRS 411.130, including loss of earning power, loss of consortium to statutory beneficiaries, mental anguish, funeral and burial expenses, and all other elements of wrongful death damages permitted by Kentucky law.

65.     Plaintiff Maxglene Mariela Guerra Arias, on behalf of the statutory beneficiaries of The Estate of Carlos Alberto Fernandez, seeks all damages allowed under KRS 411.130 and KRS 411.133.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000015 of 000036

15

## COUNT II – UPS – NEGLIGENCE –- SURVIVAL ACTION

66.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

67.    Defendant UPS breached its duties of reasonable care in one or more of the following ways:

    a.    Operated the MD-11F when it was not in an airworthy condition;

    b.    Allowed the aircraft to fly despite defects or unsafe conditions affecting the left wing, left engine, or related components of the aircraft Defendant knew or should have known about; and/or

    d.    Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

68.    Pursuant to KRS 411.140, any claim Decedent Fernandez could have brought had he survived passes to his Estate.

69.    Prior to his death, Decedent Fernandez experienced conscious pre-impact fright and terror, pain, suffering, emotional distress, and other injuries as a direct and proximate result of Defendant UPS's negligent and wrongful acts.

70.    Defendant's conduct caused Decedent to incur physical pain, mental anguish, loss of enjoyment of life, and other damages recoverable under Kentucky's survival statute.

71.    Plaintiff Maxglene Mariela Guerra Arias, as Administratrix of the Estate of Carlos Alberto Fernandez, seeks all damages allowed under KRS 411.140.

## COUNT III– UPS – LOSS OF CONSORTIUM SECONDARY TO NEGLIGENCE

72.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

73.    Defendant UPS breached its duties of reasonable care in one or more of the

16

NOT ORIGINAL

03/01/2026 05:12:18

89864-12

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000016 of 000036

Filed    26-CI-001749    02/27/2026    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM

89864-12

following ways:

   a. Operated the MD-11F when it was not in an airworthy condition;

   b. Allowed the aircraft to fly despite defects or unsafe conditions affecting the left wing, left engine, or related components of the aircraft Defendant knew or should have known about; and/or

   c. Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

74.    As a result of Defendant's wrongful conduct, Plaintiff has endured loss of consortium from her husband, Decedent Fernandez, including but not limited to the loss of services, assistance, aid, society, companionship, and conjugal relationship.

75.    Plaintiff Maxglene Mariela Guerra Arias, as Decedent Fernandez's wife, brings this independent claim pursuant to KRS 411.145 for loss of consortium under Kentucky law.

### COUNT IV – UPS – NEGLIGENCE

76.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

77.    Defendant UPS breached its duties of reasonable care in one or more of the following ways:

   a. Operated the MD-11F when it was not in an airworthy condition;

   b. Allowed the aircraft to fly despite defects or unsafe conditions affecting the left wing, left engine, or related components of the aircraft Defendant knew or should have known about; and/or

   e. Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

78.    As a result of Defendant's wrongful conduct, Plaintiff Maxglene Mariela Guerra Arias has suffered in the past and will continue to suffer in the future from severe permanent

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000017 of 000036

17

Filed                26-CI-001749    02/27/2026    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM
89864-12

injuries and damages, including, but not limited to, medical expenses, bodily injury, physical impairment, pain and suffering, mental anguish, emotional distress, inconvenience, all in an amount exceeding the jurisdictional minimum of this Court.

### COUNT V – UPS AIR –NEGLIGENCE - WRONGFUL DEATH

79.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

80.    Defendant UPS AIR, at all times relevant, was an air carrier engaged in the business of operating cargo aircraft for the commercial transport of freight.

81.    At all times relevant hereto, UPS AIR was the registered owner and operator of the aircraft.

82.    As an operator of aircraft in the national airspace system, UPS AIR owed a duty to exercise reasonable care in the operation, maintenance, inspection, and control of its aircraft to prevent unnecessary risks of harm to persons and property in the aircraft and on the ground.

83.    Defendant UPS AIR knew or reasonably should have known that the UPS MD-11F aircraft used on UPS Flight 2976 was in disrepair or was otherwise dangerous and unsafe.

84.    Defendant UPS AIR breached its duties of reasonable care in one or more of the following ways:

   a.    Operated the UPS MD-11F when it was not in an airworthy condition;

   b.    Allowed the aircraft to fly despite defects or unsafe conditions affecting the left wing, left engine, or related components of the aircraft Defendant knew or should have known about; and/or

   c.    Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

85.    Defendant UPS AIR negligently, recklessly, wantonly, carelessly, maliciously, and/or unlawfully failed to exercise reasonable care in the maintenance, inspection, repair, and/or

18

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000018 of 000036

Filed 26-CI-001749 02/27/2026 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM
89864-12

operation of the MD-11F aircraft used on UPS Flight 2976 and/or its component parts and/or component products, including but not limited to the left wing, left engine, and fixtures, components, and products that were used or were intended to be used to secure the engine on board UPS Flight 2976, and in its decision to operate the MD-11F aircraft used on UPS Flight 2976 despite its knowledge of alerts and/or defects with the aircraft, thereby creating an unreasonable risk of harm to Plaintiff's Decedent and others.

86.     As a direct and legal result of the negligent, reckless, malicious, unlawful, and/or wrongful acts and/or omissions of Defendant UPS AIR, the left engine on UPS Flight 2976 detached from the aircraft's left wing and caused the injuries, including death, as alleged herein.

87.     Plaintiff is the duly appointed Administratrix of the Estate of Decedent Fernandez and brings this claim pursuant to KRS 411.130 and KRS 411.133 for the wrongful death of Decedent Fernandez.

88.     On or about November 4, 2025, Decedent Fernandez died as a direct and proximate result of the negligent and careless acts and omissions of Defendant, including but not limited to the failure to safely maintain the MD-11F used during UPS Flight 2976.

89.     As a result of Defendant's wrongful conduct, Decedent Fernandez suffered fatal injuries, causing his death, and damages recoverable under KRS 411.130, including loss of earning power, loss of consortium to statutory beneficiaries, mental anguish, funeral and burial expenses, and all other elements of wrongful death damages permitted by Kentucky law.

90.     Plaintiff Maxglene Mariela Guerra Arias, on behalf of the statutory beneficiaries of The Estate of Carlos Alberto Fernandez, seeks all damages allowed under KRS 411.130 and KRS 411.133.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000019 of 000036

19

NOT ORIGINAL

DOCUMENT

PM

03/01/2026 05:12:18

89864-12

## COUNT VI – UPS AIR –NEGLIGENCE – SURVIVAL ACTION

91. Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

92. Defendant UPS AIR breached its duties of reasonable care in one or more of the following ways:

    a. Operated the MD-11F when it was not in an airworthy condition;

    b. Allowed the aircraft to fly despite defects or unsafe conditions affecting the left wing, left engine, or related components of the aircraft Defendant knew or should have known about; and/or

    c. Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

93. Pursuant to KRS 411.140, any claim Decedent Fernandez could have brought had he survived passes to his Estate.

94. Prior to his death, Decedent Fernandez experienced conscious pre-impact fright and terror, pain, suffering, emotional distress, and other injuries as a direct and proximate result of Defendant UPS AIR's negligent and wrongful acts.

95. Defendant's conduct caused Decedent Fernandez to incur physical pain, mental anguish, loss of enjoyment of life, and other damages recoverable under Kentucky's survival statute.

96. Plaintiff Maxglene Mariela Guerra Arias, as Administratrix of the Estate of Carlos Alberto Fernandez, seeks all damages allowed under KRS 411.140.

## COUNT VII– UPS AIR – LOSS OF CONSORTIUM SECONDARY TO NEGLIGENCE

97. Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000020 of 000036

Filed          26-CI-001749    02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM
89864-12

98.    Defendant UPS AIR breached its duties of reasonable care in one or more of the following ways:

    a.    Operated the MD-11F when it was not in an airworthy condition;

    b.    Allowed the aircraft to fly despite defects or unsafe conditions affecting the left wing, left engine, or related components of the aircraft Defendant knew or should have known about; and/or

    c.    Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

99.    As a result of Defendant's wrongful conduct, Plaintiff has endured loss of consortium from her husband, Decedent Fernandez, including but not limited to the loss of services, assistance, aid, society, companionship, and conjugal relationship.

100.    Plaintiff Maxglene Mariela Guerra Arias, as Decedent Fernandez's wife, brings this independent claim pursuant to KRS 411.145 for loss of consortium under Kentucky law.

## COUNT VIII – UPS AIR – NEGLIGENCE

101.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

102.    Defendant UPS AIR breached its duties of reasonable care in one or more of the following ways:

    a.    Operated the MD-11F when it was not in an airworthy condition;

    b.    Allowed the aircraft to fly despite defects or unsafe conditions affecting the left wing, left engine, or related components of the aircraft Defendant knew or should have known about; and/or

    c.    Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

103.    As a result of Defendant's wrongful conduct, Plaintiff Maxglene Mariela Guerra

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000021 of 000036

21

Filed          26-CI-001749          02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/01/2026 05:12:18 PM
89864-12

Arias has suffered in the past and will continue to suffer in the future from severe permanent injuries and damages, including, but not limited to, medical expenses, bodily injury, physical impairment, pain and suffering, mental anguish, emotional distress, inconvenience, all in an amount exceeding the jurisdictional minimum of this Court.

### COUNT IX – GE – NEGLIGENCE –- WRONGFUL DEATH

104.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

105.    Defendant GE, at all times relevant, was a corporation engaged in the business of designing, manufacturing, and providing maintenance and support services for aircraft engines used in commercial cargo operations.

106.    As a manufacturer of aircraft engines in the national airspace system, GE owed a duty to exercise reasonable care in the maintenance, inspection, and support services of its CF6 engines to prevent unnecessary risks of harm to persons and property in the aircraft and on the ground.

107.    Defendant GE knew or reasonably should have known that the CF6 engines on UPS Flight 2976 were in disrepair or were otherwise dangerous and unsafe.

108.    Defendant GE breached its duties of reasonable care in one or more of the following ways:

   a.   Failed to employ safe methods to adequately design, manufacture, maintain, and/or operate the CF6 engines on UPS Flight 2976 to ensure that catastrophic failures did not occur; and

   b.    Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

109.    Defendant GE negligently, recklessly, wantonly, carelessly, maliciously, and/or

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000022 of 000036

22

Filed          26-CI-001749    02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT

03/01/2026 05:12:18 PM

89864-12

unlawfully failed to exercise reasonable care in the manufacturing, maintenance, inspection, repair, and/or service of the CF6 engines on UPS Flight 2976 and/or its component parts and/or component products, including but not limited to the left wing, left engine, and fixtures, components, and products that were used or were intended to be used to secure the engine on board UPS Flight 2976, thereby creating an unreasonable risk of harm to Plaintiff's Decedent and others.

110.    As a direct and legal result of the negligent, reckless, malicious, unlawful, and/or wrongful acts and/or omissions of Defendant GE, the left engine on UPS Flight 2976 detached from the aircraft's left wing and caused the injuries, including death, as alleged herein.

111.    Plaintiff is the duly appointed Administratrix of the Estate of Decedent Fernandez and brings this claim pursuant to KRS 411.130 and KRS 411.133 for the wrongful death of Decedent Fernandez.

112.    On or about November 4, 2025, Decedent Fernandez died as a direct and proximate result of the negligent and careless acts and omissions of Defendant.

113.    As a result of Defendant's wrongful conduct, Decedent Fernandez suffered fatal injuries, causing his death, and damages recoverable under KRS 411.130, including loss of earning power, loss of consortium to statutory beneficiaries, mental anguish, funeral and burial expenses, and all other elements of wrongful death damages permitted by Kentucky law.

114.    Plaintiff Maxglene Mariela Guerra Arias, on behalf of the statutory beneficiaries of The Estate of Carlos Alberto Fernandez, seeks all damages allowed under KRS 411.130 and KRS 411.133.

### COUNT X – GE – NEGLIGENCE — SURVIVAL ACTION

115.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000023 of 000036

Filed          26-CI-001749    02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001749    02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/01/2026 05:12:18 PM
89864-12

116.    Defendant GE breached its duties of reasonable care in one or more of the following ways:

    a.    Failed to employ safe methods to adequately design, manufacture, maintain, and/or operate the CF6 engines on UPS Flight 2976 to ensure that catastrophic failures did not occur;

    b.    Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

117.    Pursuant to KRS 411.140, any claim Decedent Fernandez could have brought had he survived passes to his Estate.

118.    Prior to his death, Decedent Fernandez experienced conscious pre-impact fright and terror, pain, suffering, emotional distress, and other injuries as a direct and proximate result of Defendant GE's negligent and wrongful acts.

119.    Defendant's conduct caused Decedent to incur physical pain, mental anguish, loss of enjoyment of life, and other damages recoverable under Kentucky's survival statute.

120.    Plaintiff Maxglene Mariela Guerra Arias, as Administratrix of the Estate of Carlos Alberto Fernandez, seeks all damages allowed under KRS 411.140.

### COUNT XI – GE – LOSS OF CONSORTIUM SECONDARY TO NEGLIGENCE

121.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

122.    Defendant GE breached its duties of reasonable care in one or more of the following ways:

    a.    Failed to employ safe methods to adequately design, manufacture, maintain, and/or operate the CF6 engines on UPS Flight 2976 to ensure that catastrophic failures did not occur;

    b.    Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000024 of 000036

24

Filed          26-CI-001749    02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT

03/01/2026 05:12:18 PM

89864-12

in place, thereby allowing unsafe conditions to persist.

123.    As a result of Defendant's wrongful conduct, Plaintiff has endured loss of consortium from her husband, Decedent Fernandez, including but not limited to the loss of services, assistance, aid, society, companionship, and conjugal relationship.

124.    Plaintiff Maxglene Mariela Guerra Arias, as Decedent Fernandez's wife, brings this independent claim pursuant to KRS 411.145 for loss of consortium under Kentucky law.

### COUNT XII – GE – NEGLIGENCE

125.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

126.    Defendant GE breached its duties of reasonable care in one or more of the following ways:

    a.  Failed to employ safe methods to adequately design, manufacture, maintain, and/or operate the CF6 engines on UPS Flight 2976 to ensure that catastrophic failures did not occur;

    b.  Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, and/or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist.

127.    As a result of Defendant's wrongful conduct, Plaintiff Maxglene Mariela Guerra Arias has suffered in the past and will continue to suffer in the future from severe permanent injuries and damages, including, but not limited to, medical expenses, bodily injury, physical impairment, pain and suffering, mental anguish, emotional distress, inconvenience, all in an amount exceeding the jurisdictional minimum of this Court.

### COUNT XIII – BOEING – NEGLIGENCE – WRONGFUL DEATH

128.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000025 of 000036

25

NOT ORIGINAL DOCUMENT
03/01/2026 05:12:18 PM
89864-12

129.    Defendant, Boeing Company ("BOEING"), at all times relevant, was a corporation engaged in the business of designing, manufacturing, and supporting commercial cargo aircraft.

130.    As a supplier and manufacturer of aircraft in the national airspace system, BOEING owed a duty to exercise reasonable care in the operation, maintenance, inspection, control, and support services of its aircraft to prevent unnecessary risks of harm to persons and property in the aircraft and on the ground.

131.    Defendant, BOEING, knew or reasonably should have known that the UPS MD-11F aircraft used on UPS Flight 2976 was in disrepair or was otherwise dangerous and unsafe.

132.    Defendant, BOEING, breached its duties of reasonable care in one or more of the following ways:

    a.    Failed to employ safe methods to adequately design, manufacture, maintain, and/or operate the MD-11F aircraft to ensure that catastrophic failures did not occur;

    b.    Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist; and/or

    c.    Failed to provide sufficient warnings or notifications to operators and crew members to address the risk of catastrophic failure, despite knowledge of such risk.

133.    Defendant, BOEING, negligently, recklessly, wantonly, carelessly, maliciously, and/or unlawfully failed to exercise reasonable care in the manufacturing, maintenance, inspection, repair, operation, and/or service of the UPS MD-11F aircraft used on UPS Flight 2976 and/or its component parts and/or component products, including but not limited to the left wing, left engine, and fixtures, components, and products that were used or were intended to be used to secure the engine on board UPS Flight 2976, thereby creating an unreasonable risk of harm to Plaintiff's Decedent and others.

134.    As a direct and legal result of the negligent, reckless, malicious, unlawful, and/or

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000026 of 000036

26

Filed    26-CI-001749    02/27/2026    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
PM
03/01/2026 05:12:18
89864-12

wrongful acts and/or omissions of Defendant BOEING, the left engine on UPS Flight 2976 detached from the aircraft's left wing and caused the injuries, including death, as alleged herein.

135.    Plaintiff is the duly appointed Administratrix of the Estate of Decedent Fernandez and brings this claim pursuant to KRS 411.130 and KRS 411.133 for the wrongful death of Decedent Fernandez.

136.    On or about November 4, 2025, Decedent Fernandez died as a direct and proximate result of the negligent and careless acts and omissions of Defendant.

137.    As a result of Defendant's wrongful conduct, Decedent Fernandez suffered fatal injuries, causing his death, and damages recoverable under KRS 411.130, including loss of earning power, loss of consortium to statutory beneficiaries, mental anguish, funeral and burial expenses, and all other elements of wrongful death damages permitted by Kentucky law.

138.    Plaintiff Maxglene Mariela Guerra Arias, on behalf of the statutory beneficiaries of The Estate of Carlos Alberto Fernandez, seeks all damages allowed under KRS 411.130 and KRS 411.133.

## COUNT XIV – BOEING – NEGLIGENCE – SURVIVAL ACTION

139.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

140.    Defendant, BOEING, breached its duties of reasonable care in one or more of the following ways:

    a.    Failed to employ safe methods to adequately design, manufacture, maintain, and/or operate the MD-11F aircraft to ensure that catastrophic failures did not occur;

    b.    Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist; and/or

    c.    Failed to provide sufficient warnings or notifications to operators and crew

27

Filed    26-CI-001749    02/27/2026    David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000027 of 000036

Filed   26-CI-001749   02/27/2026   David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT

PM

03/01/2026 05:12:18

89864-12

members to address the risk of catastrophic failure, despite knowledge of such risk.

141.   Pursuant to KRS 411.140, any claim Decedent Fernandez could have brought had he survived passes to his Estate.

142.   Prior to his death, Decedent Fernandez experienced conscious pre-impact fright and terror, pain, suffering, emotional distress, and other injuries as a direct and proximate result of Defendant BOEING's negligent and wrongful acts.

143.   Defendant's conduct caused Decedent to incur physical pain, mental anguish, loss of enjoyment of life, and other damages recoverable under Kentucky's survival statute.

144.   Plaintiff Maxglene Mariela Guerra Arias, as Administratrix of the Estate of Carlos Alberto Fernandez, seeks all damages allowed under KRS 411.140.

**COUNT XV – BOEING – LOSS OF CONSORTIUM SECONDARY TO NEGLIGENCE**

145.   Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

146.   Defendant, BOEING, breached its duties of reasonable care in one or more of the following ways:

   a.   Failed to employ safe methods to adequately design, manufacture, maintain, and/or operate the MD-11F aircraft to ensure that catastrophic failures did not occur;

   b.   Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist; and/or

   c.   Failed to provide sufficient warnings or notifications to operators and crew members to address the risk of catastrophic failure, despite knowledge of such risk.

147.   As a result of Defendant's wrongful conduct, Plaintiff has endured loss of consortium from her husband, Decedent Fernandez, including but not limited to the loss of

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000028 of 000036

28

NOT ORIGINAL
DOCUMENT
PM
03/01/2026 05:12:18
89864-12

services, assistance, aid, society, companionship, and conjugal relationship.

148.    Plaintiff Maxglene Mariela Guerra Arias, as Decedent Fernandez's wife, brings this independent claim pursuant to KRS 411.145 for loss of consortium under Kentucky law.

## COUNT XVI – BOEING – NEGLIGENCE

149.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

150.    Defendant, BOEING, breached its duties of reasonable care in one or more of the following ways:

    a.    Failed to employ safe methods to adequately design, manufacture, maintain, and/or operate the MD-11F aircraft to ensure that catastrophic failures did not occur;

    b.    Created a dangerous condition by implementing inadequate maintenance, inspection, or operational procedures, or failing to follow the procedures it had in place, thereby allowing unsafe conditions to persist; and/or

    c.    Failed to provide sufficient warnings or notifications to operators and crew members to address the risk of catastrophic failure, despite knowledge of such risk.

151.    As a result of Defendant's wrongful conduct, Plaintiff Maxglene Mariela Guerra Arias has suffered in the past and will continue to suffer in the future from severe permanent injuries and damages, including, but not limited to, medical expenses, bodily injury, physical impairment, pain and suffering, mental anguish, emotional distress, inconvenience, all in an amount exceeding the jurisdictional minimum of this Court.

## COUNT XVII – VT SAA – NEGLIGENCE – WRONGFUL DEATH

152.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

153.    Defendant VT SAA, at all times relevant, was an engineering and aerospace company that provided maintenance services to UPS-owned MD-11F aircraft.

29

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000029 of 000036

Filed          26-CI-001749    02/27/2026                          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/01/2026 05:12:18
PM
89864-12

154.    As a maintenance provider for aircraft in the national airspace system, VT SAA owed a duty to exercise reasonable care in the maintenance, inspection, and repair of aircraft, including but not limited to the MD-11F aircraft used on UPS Flight 2976.

155.    Defendant, VT SAA, knew or reasonably should have known that the UPS MD-11F aircraft used on UPS Flight 2976 was in disrepair or was otherwise dangerous and unsafe.

156.    Defendant, VT SAA, breached its duties of reasonable care in one or more of the following ways:

a.    Failed to detect an unsafe condition in its inspection of the aircraft;

b.    Failed to properly and adequately repair an unsafe condition on the aircraft;

c.    Implemented inadequate maintenance, inspection, or operational procedures; and/or

d.    Failed to follow maintenance and inspection procedures to ensure airworthiness, thereby allowing unsafe conditions to persist.

157.    Defendant, VT SAA, negligently, recklessly, wantonly, carelessly, maliciously, and/or unlawfully failed to exercise reasonable care in the maintenance, inspection, repair, and/or service of the UPS MD-11F aircraft used on UPS Flight 2976 and/or its component parts and/or component products, including but not limited to the left wing, left engine, and fixtures, components, and products that were used or were intended to be used to secure the engine on board UPS Flight 2976, thereby creating an unreasonable risk of harm to Plaintiff's Decedent and others.

158.    As a direct and legal result of the negligent, reckless, malicious, unlawful, and/or wrongful acts and/or omissions of Defendant VT SAA, the left engine on UPS Flight 2976 detached from the aircraft's left wing and caused the injuries, including death, as alleged herein.

159.    Plaintiff is the duly appointed Administratrix of the Estate of Decedent Fernandez and brings this claim pursuant to KRS 411.130 and KRS 411.133 for the wrongful death of

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000030 of 000036

30

Filed                26-CI-001749    02/27/2026                David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/01/2026 05:12:18 PM
89864-12

Decedent Fernandez.

160.    On or about November 4, 2025, Decedent Fernandez died as a direct and proximate result of the negligent and careless acts and omissions of Defendant, including but not limited to the failure to safely maintain the MD-11F aircraft used during UPS Flight 2976.

161.    As a result of Defendant's wrongful conduct, Decedent Fernandez suffered fatal injuries, causing his death, and damages recoverable under KRS 411.130, including loss of earning power, loss of consortium to statutory beneficiaries, mental anguish, funeral and burial expenses, and all other elements of wrongful death damages permitted by Kentucky law.

162.    Plaintiff Maxglene Mariela Guerra Arias, on behalf of the statutory beneficiaries of The Estate of Carlos Alberto Fernandez, seeks all damages allowed under KRS 411.130 and KRS 411.133.

**COUNT XVIII – VT SAA – NEGLIGENCE – SURVIVAL ACTION**

163.    Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

164.    Defendant, VT SAA, breached its duties of reasonable care in one or more of the following ways:

    a.    Failed to detect an unsafe condition in its inspection of the aircraft;

    b.    Failed to properly and adequately repair an unsafe condition on the aircraft;

    c.    Implemented inadequate maintenance, inspection, or operational procedures; and/or

    d.    Failed to follow maintenance and inspection procedures to ensure airworthiness, thereby allowing unsafe conditions to persist.

165.    Pursuant to KRS 411.140, any claim Decedent Fernandez could have brought had he survived passes to his Estate.

166.    Prior to his death, Decedent Fernandez experienced conscious pre-impact fright and

31

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000031 of 000036

Filed                26-CI-001749    02/27/2026                David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT

03/01/2026 05:12:18 PM

89864-12

terror, pain, suffering, emotional distress, and other injuries as a direct and proximate result of Defendant VT SAA's negligent and wrongful acts.

167. Defendant's conduct caused Decedent to incur physical pain, mental anguish, loss of enjoyment of life, and other damages recoverable under Kentucky's survival statute.

168. Plaintiff Maxglene Mariela Guerra Arias, as Administratrix of the Estate of Carlos Alberto Fernandez, seeks all damages allowed under KRS 411.140.

### COUNT XIX – VT SAA – LOSS OF CONSORTIUM SECONDARY TO NEGLIGENCE

169. Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

170. Defendant, VT SAA, breached its duties of reasonable care in one or more of the following ways:

    a. Failed to detect an unsafe condition in its inspection of the aircraft;

    b. Failed to properly and adequately repair an unsafe condition on the aircraft;

    c. Implemented inadequate maintenance, inspection, or operational procedures; and/or

    d. Failed to follow maintenance and inspection procedures to ensure airworthiness, thereby allowing unsafe conditions to persist.

171. As a result of Defendant's wrongful conduct, Plaintiff has endured loss of consortium from her husband, Decedent Fernandez, including but not limited to the loss of services, assistance, aid, society, companionship, and conjugal relationship.

172. Plaintiff Maxglene Mariela Guerra Arias, as Decedent Fernandez's wife, brings this independent claim pursuant to KRS 411.145 for loss of consortium under Kentucky law.

### COUNT XX – VT SAA – NEGLIGENCE

173. Plaintiffs reincorporate and reallege each of the paragraphs above as though fully set forth herein.

32

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000032 of 000036

Filed          26-CI-001749    02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

03/01/2026 05:12:18

89864-12

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000033 of 000036

174.    Defendant, VT SAA, breached its duties of reasonable care in one or more of the following ways:

    a.  Failed to detect an unsafe condition in its inspection of the aircraft;

    b.  Failed to properly and adequately repair an unsafe condition on the aircraft;

    c.  Implemented inadequate maintenance, inspection, or operational procedures; and/or

    d.   Failed to follow maintenance and inspection procedures to ensure airworthiness, thereby allowing unsafe conditions to persist.

175.    As a result of Defendant's wrongful conduct, Plaintiff Maxglene Mariela Guerra Arias has suffered in the past and will continue to suffer in the future from severe permanent injuries and damages, including, but not limited to, medical expenses, bodily injury, physical impairment, pain and suffering, mental anguish, emotional distress, inconvenience, all in an amount exceeding the jurisdictional minimum of this Court.

### COUNT XXI – LIABILITY FOR PUNITIVE DAMAGES UNDER COMMON LAW AND KRS 411.184 KRS 411.186
### (ALL DEFENDANTS)

176.    That the conduct of the Defendants herein, both jointly and severally, constituted a flagrant disregard for the rights, lives, and safety of others, including Plaintiffs, with a subjective awareness that such conduct would likely result in human death and/or bodily harm.

177.    That, pursuant to common law, KRS 411.184, and KRS 411.186, Plaintiffs are entitled to punitive damages from each of the Defendants.

### DAMAGES OF THE ESTATE OF CARLOS ALBERTO FERNANDEZ

178.    The Estate of Fernandez is entitled to damages from the Defendants, which include, but are not limited to:

    a. Pre-death pain, suffering, mental and physical anguish;

    b. Funeral and burial expenses;

33

Filed

DOCUMENT

PM

NOT ORIGINAL

03/01/2026 05:12:18

89864-12

c. Lost wages and lost future income;

d. Lost earning capacity and permanent reduction in ability to earn;

e. Lost companionship; and

f. Any and all other available damages, specifically including punitive damages.

### DAMAGES OF MAXGLENE MARIELA GUERRA ARIAS

179.    Maxglene Mariela Guerra Arias is entitled to damages from the Defendants, which include, but are not limited to:

a. Past and future medical expenses;

b. Past and future pain, suffering, and mental anguish;

c. Loss of wages and permanent impairment of future income;

d. Loss of spousal consortium, including the loss of affection and companionship; and

e. Any and all other available damages, specifically including punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, by counsel, demand as follows:

1.      That a copy of this Complaint and summons be served upon the Defendants;

2.      Judgment for the Plaintiffs against the Defendants, for all damages to which the Plaintiff is entitled, to specifically include punitive damages;

3.      Prejudgment and post-judgment interest to the extent permitted by law;

4.      The recoverable costs of pursuing this action;

5.      Trial by jury; and

6.      All other just and proper relief to which the Plaintiffs may be entitled from the Defendants, including the right to amend this Complaint.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000034 of 000036

Filed          26-CI-001749     02/27/2026       David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001749          02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL

DOCUMENT

PM

03/01/2026 05:12:18

89864-12

Respectfully submitted,

/s/ Jonathan B. Hollan

Sam Aguiar
Jonathan B. Hollan
**SAM AGUIAR INJURY LAWYERS, PLLC**
1900 Plantside Drive
Louisville, KY 40299
Telephone: (502) 813-8890
Facsimile: (502) 561-0488
sam@kylawoffice.com
jhollan@kylawoffice.com

*-and-*

Robert A. Clifford*
Kevin P. Durkin*
Bradley M. Cosgrove*
Tracy A. Brammeier*
Charles R. Haskins*
John V. Kalantzis*
**CLIFFORD LAW OFFICES, P.C.**
120 S. LaSalle Street
Suite 3600
Chicago, IL 60602
Telephone: (312) 899-9090
RAC@cliffordlaw.com

-and-

Sagi Shaked*
Florida Bar No.: 0195863
Cory D. Lapin*
Florida Bar No.: 112588
**Shaked Law Firm, P.A.**
20900 N.E. 30th Ave., Suite 715
Aventura, Florida 33180
Tel: (305) 937-0191
Fax: (305) 937-0193
cory@shakedlaw.com
sagi@shakedlaw.com
filingscourtdocuments@gmail.com

*Co-Counsel for the Plaintiffs*
*\*Pending Pro Hac Vice Admission*

35

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000035 of 000036

Filed          26-CI-001749          02/27/2026          David L. Nicholson, Jefferson Circuit Clerk

Entered    26-P-005094    02/27/2026    David L. Nicholson, Jefferson Circuit Clerk

| AOC-805.1 | Doc. Code: OPP; | | | Case No. _____ |
| Rev. 12-23 | OWF; or OFID | | | Court District |
| Page 1 of 1 | | | | County  Jefferson |
| Commonwealth of Kentucky | | **ORDER PROBATING WILL;** | | Division  Probate |
| Court of Justice   www.kycourts.gov | | **AND/OR APPOINTING** | | |
| KRS 394.145; 395.015; 395.016 | | **EXECUTOR/ADMINISTRATOR** | | |

**EXHIBIT 1**

03/01/2026 05:12:18

89864-12

**IN RE: Estate of** <u>Carlos Alberto Fernandez</u>

❑ Petition filed this _____ day of _____, 2_____.

❑ Will tendered this _____ day of _____, 2_____.

Upon hearing, the Will offered was proven by _____ and **ORDERED**

**PROBATED** as the Last Will and Testament of Decedent this _____ day of _____, 2_____.

The Court appoints: <u>Maxglene Mariela Guerra Arias</u>_____ as ❑ Executor/Executrix OR

☑ Administrator/Administratrix of said estate and fixes bond in the sum of $___$5,000_____ ❑ with surety OR

X  without surety.

(*Check if Executor/Executrix or Adminstrator/Administratrix is a nonresident*)

❑ The Court designates _____, whose address is _____

_____, as agent for the service of process in any action filed against

the above-appointed Executor/Executrix or Administrator/Administratrix as personal representative or personally if the

action accrued in the administration of the estate.

/s/ JUDGE YVETTE DE LA GUARDIA
electronically signed
1/8/2026 2:47:03 PM ET

_____, 2_____                          **Judge's Signature**
Date

Distribution:  Case File
              Revenue Cabinet (Petition and Order)

Entered    26-P-005094    02/27/2026    David L. Nicholson, Jefferson Circuit Clerk



| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI | | Case #: **26-CI-001749** |
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **JEFFERSON** Circuit |
| Court of Justice    *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

DOCUMENT

NOT ORIGINAL

03/02/2026 03:40:30 PM

89864-12

*Plaintiff,* GUERRA ARIAS, MAXGLENE MARIELA VS. UNITED PARCEL SERVICE, IN, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**

**315 HIGH STREET**

**FRANKFORT, KY 40601**

Memo: Related party is BOEING COMPANY

The Commonwealth of Kentucky to Defendant:
**BOEING COMPANY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **2/27/2026**

*(right margin, rotated)* Presiding Judge: HON. ANN BAILEY SMITH (630350)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

*(right margin, rotated)* CI : 000001 of 000001

Summons ID: @00001138563
CIRCUIT: 26-CI-001749 Certified Mail
GUERRA ARIAS, MAXGLENE MARIELA VS. UNITED PARCEL SERVICE, IN



Page 1 of 1

eFiled



AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **26-CI-001749**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

DOCUMENT

NOT ORIGINAL
03/02/2026 03:39:45 PM

89864-12

*Plaintiff,* GUERRA ARIAS, MAXGLENE MARIELA VS. UNITED PARCEL SERVICE, IN, *Defendant*

TO:  **CT CORPORATION SYSTEM**

  **306 W. MAIN STREET**

  **SUITE 512**

  **FRANKFORT, KY 40601**

Memo: Related party is GENERAL ELECTRIC COMPANY

The Commonwealth of Kentucky to Defendant:
**GENERAL ELECTRIC COMPANY**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **2/27/2026**

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Presiding Judge: HON. ANN BAILEY SMITH (630350)

CI : 000001 of 000001

Summons ID: @00001138562
CIRCUIT: 26-CI-001749 Certified Mail
GUERRA ARIAS, MAXGLENE MARIELA VS. UNITED PARCEL SERVICE, IN



Page 1 of 1

eFiled

AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **26-CI-001749**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

DOCUMENT

PM

NOT ORIGINAL
03/02/2026 03:39:08

89864-12

*Plaintiff,* GUERRA ARIAS, MAXGLENE MARIELA VS. UNITED PARCEL SERVICE, IN, *Defendant*

TO:   **CORPORATION SERVICE COMPANY**

**315 HIGH STREET**

**FRANKFORT, KY 40601**

Memo: Related party is UNITED PARCEL SERVICE CO. (AIR)

The Commonwealth of Kentucky to Defendant:
**UNITED PARCEL SERVICE CO. (AIR)**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **2/27/2026**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Summons ID: @00001138561
CIRCUIT: 26-CI-001749 Certified Mail
GUERRA ARIAS, MAXGLENE MARIELA VS. UNITED PARCEL SERVICE, IN



Page 1 of 1

eFiled

*Presiding Judge: HON. ANN BAILEY SMITH (630350)*

*CI : 000001 of 000001*

| | | |
|---|---|---|
| AOC-E-105        Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **26-CI-001749**<br>Court:   **CIRCUIT**<br>County: **JEFFERSON Circuit** |

NOT ORIGINAL DOCUMENT 03/02/2026 03:38:26 PM 89864-12

*Plaintiff,* GUERRA ARIAS, MAXGLENE MARIELA VS. UNITED PARCEL SERVICE, IN, *Defendant*

TO:   **CORPORATION SERVICE COMPANY**

**315 HIGH STREET**

**FRANKFORT, KY 40601**

Memo: Related party is UNITED PARCEL SERVICE, INC.

The Commonwealth of Kentucky to Defendant:
**UNITED PARCEL SERVICE, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **2/27/2026**

Presiding Judge: HON. ANN BAILEY SMITH (630350)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @00001138560
CIRCUIT: 26-CI-001749 Certified Mail
GUERRA ARIAS, MAXGLENE MARIELA VS. UNITED PARCEL SERVICE, IN



Page 1 of 1

eFiled



| AOC-E-105 | Sum Code: CI | | Case #: **26-CI-001749** | NOT ORIGINAL |
|---|---|---|---|---|
| Rev. 9-14 | | | Court: **CIRCUIT** | |
| Commonwealth of Kentucky | | | County: **JEFFERSON Circuit** | 03/02/2026 03:37:15 |
| Court of Justice   *Courts.ky.gov* | | | | |
| CR 4.02; Cr Official Form 1 | | **CIVIL SUMMONS** | | 89864-12 |

DOCUMENT
PM

*Plaintiff,* GUERRA ARIAS, MAXGLENE MARIELA VS. UNITED PARCEL SERVICE, IN, *Defendant*

TO:   **VT SAN ANTONIO AEROSPACE, INC.**

   **9800 JOHN SAUNDERS ROAD**

   **SAN ANTONIO, TX 782164202**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Jefferson Circuit Clerk

Date: **2/27/2026**

*Presiding Judge: HON. ANN BAILEY SMITH (630350)*

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

*CI : 000001 of 000001*

Summons ID: @00001138559
CIRCUIT: 26-CI-001749 Long Arm Statute – Secretary of State
GUERRA ARIAS, MAXGLENE MARIELA VS. UNITED PARCEL SERVICE, IN





Filed          26-CI-001749      03/05/2026          David L. Nicholson, Jefferson Circuit Clerk

**NOT ORIGINAL**

**DOCUMENT**

**01:21:53 PM**

**03/09/2026**

**89864-12**



**Commonwealth of Kentucky**
**Office of the Secretary of State**

Michael G. Adams
Secretary of State

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202

| | |
|---|---|
| FROM: | SUMMONS DIVISION<br>SECRETARY OF STATE |
| RE: | CASE NO: 26-CI-001749 |
| DEFENDANT: | VT SAN ANTONIO AEROSPACE, INC. |
| DATE: | March 5, 2026 |
| USPS Certified Mail ID: | 9202992267700103436248 |

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

February 27, 2026

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

February 27, 2026

We are enclosing the return receipt confirming receipt of summons.

COR : 000001 of 000002

Filed          26-CI-001749      03/05/2026        David L. Nicholson, Jefferson Circuit Clerk

01:21:53 PM

**UNITED STATES POSTAL SERVICE**

89864-12

March 5, 2026

Dear Secretary Of State Commonwelth of Kentucky:

The following is in response to your request for proof of delivery on your item with the tracking number: **9202 9922 6770 0103 4362 48**.

| Item Details | |
|---|---|
| **Status:** | Delivered to Agent, Left with Individual |
| **Status Date / Time:** | March 5, 2026, 10:22 am |
| **Location:** | SAN ANTONIO, TX 78216 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt |
| | Return Receipt Electronic |
| | Up to $100 insurance included |

| Recipient Signature | |
|---|---|
| Signature of Recipient: (Authorized Agent) | |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

COR : 000002 of 000002

Filed          26-CI-001749     03/17/2026          David L. Nicholson, Jefferson Circuit Clerk

**UNITED STATES POSTAL SERVICE**™

NOT ORIGINAL
DOCUMENT

AM

03/24/2026 11:18:04

89864-12

Date Produced: 03/17/2026

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8359 2162 11. Our records indicate that this item was delivered on 03/16/2026 at 09:29 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

CORPORATION SERVICE COMPANY
315 HIGH STREET
FRANKFORT KY 40601

Customer Reference Number:          C6614188.40464215

COR : 000001 of 000002

Filed        26-CI-001749    03/17/2026        David L. Nicholson, Jefferson Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

03/24/2026 11:18:04

89864-12

USPS MAIL PIECE TRACKING NUMBER:  420406019236090194038359216211

MAILING DATE:        02/27/2026

DELIVERED DATE:    03/16/2026

Custom 1: DriverId-12990750

Custom 2: PartyId-83570932

Custom 3: SummonsNum-@00001138563

Custom 4: CentralMailId-287353

Custom 5: Source County-JEFFERSON Circuit

MAIL PIECE DELIVERY INFORMATION:

CORPORATION SERVICE COMPANY
315 HIGH STREET
FRANKFORT KY 40601

MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 02/27/2026 13:14 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 02/27/2026 15:53 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 03/02/2026 19:38 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 03/02/2026 20:53 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 03/03/2026 16:13 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 03/16/2026 04:36 | ARRIVAL AT UNIT | FRANKFORT,KY 40601 |
| 03/16/2026 06:10 | OUT FOR DELIVERY | FRANKFORT,KY 40601 |
| 03/16/2026 09:29 | DELIVERED INDIVIDUAL PICKED UP AT PO | FRANKFORT,KY 40601 |

COR : 000002 of 000002

Filed        26-CI-001749    03/17/2026        David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001749    03/17/2026          David L. Nicholson, Jefferson Circuit Clerk

**UNITED STATES POSTAL SERVICE**™

NOT ORIGINAL

DOCUMENT

03/18/2026 09:06:28

AM

89864-12

Date Produced: 03/17/2026

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8359 2161 81. Our records indicate that this item was delivered on 03/16/2026 at 09:31 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

CT CORPORATION SYSTEM
306 W. MAIN STREET
SUITE 512
FRANKFORT KY 40601

COR : 000001 of 000002

Customer Reference Number:          C6614188.40464217

Filed          26-CI-001749     03/17/2026          David L. Nicholson, Jefferson Circuit Clerk

USPS MAIL PIECE TRACKING NUMBER:  4204060192360901194038359216181

MAILING DATE:          02/27/2026

DELIVERED DATE:     03/16/2026

Custom 1: DriverId-12990750

Custom 2: PartyId-83570931

Custom 3: SummonsNum-@00001138562

Custom 4: CentralMailId-287352

Custom 5: Source County-JEFFERSON Circuit

NOT ORIGINAL

03/18/2026 09:06:28

89864-12

MAIL PIECE DELIVERY INFORMATION:

CT CORPORATION SYSTEM
306 W. MAIN STREET
SUITE 512
FRANKFORT KY 40601

MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 02/27/2026 13:14 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 02/27/2026 15:53 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 03/02/2026 19:38 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 03/02/2026 20:53 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 03/03/2026 16:07 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 03/16/2026 04:30 | ARRIVAL AT UNIT | FRANKFORT,KY 40601 |
| 03/16/2026 06:10 | OUT FOR DELIVERY | FRANKFORT,KY 40601 |
| 03/16/2026 09:31 | DELIVERED INDIVIDUAL PICKED UP AT PO | FRANKFORT,KY 40601 |

Filed          26-CI-001749     03/17/2026          David L. Nicholson, Jefferson Circuit Clerk

Filed            26-CI-001749      03/17/2026      David L. Nicholson, Jefferson Circuit Clerk

**UNITED STATES POSTAL SERVICE**™

NOT ORIGINAL DOCUMENT

03/18/2026 09:04:52 AM

89864-12

Date Produced: 03/17/2026

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8359 2161 12. Our records indicate that this item was delivered on 03/16/2026 at 09:29 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

CORPORATION SERVICE COMPANY
315 HIGH STREET
FRANKFORT KY 40601

COR : 000001 of 000002

Customer Reference Number:        C6614188.40464218

Filed        26-CI-001749    03/17/2026        David L. Nicholson, Jefferson Circuit Clerk

USPS MAIL PIECE TRACKING NUMBER:  4204060192360901940383592161112

MAILING DATE:        02/27/2026

DELIVERED DATE:    03/16/2026

Custom 1: DriverId-12990750

Custom 2: PartyId-83570930

Custom 3: SummonsNum-@00001138561

Custom 4: CentralMailId-287351

Custom 5: Source County-JEFFERSON Circuit

NOT ORIGINAL

03/18/2026 09:04:52

89864-12

MAIL PIECE DELIVERY INFORMATION:

CORPORATION SERVICE COMPANY
315 HIGH STREET
FRANKFORT KY 40601

MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 02/27/2026 13:14 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 02/27/2026 15:53 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 03/02/2026 19:38 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 03/02/2026 20:53 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 03/03/2026 16:07 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 03/16/2026 04:35 | ARRIVAL AT UNIT | FRANKFORT,KY 40601 |
| 03/16/2026 06:10 | OUT FOR DELIVERY | FRANKFORT,KY 40601 |
| 03/16/2026 09:29 | DELIVERED INDIVIDUAL PICKED UP AT PO | FRANKFORT,KY 40601 |

COR : 000002 of 000002

Filed          26-CI-001749      03/17/2026          David L. Nicholson, Jefferson Circuit Clerk

**UNITED STATES POSTAL SERVICE**™

NOT ORIGINAL DOCUMENT

03/18/2026 08:47:54 AM

89864-12

Date Produced: 03/17/2026

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8359 2160 75. Our records indicate that this item was delivered on 03/16/2026 at 09:29 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

CORPORATION SERVICE COMPANY
315 HIGH STREET
FRANKFORT KY 40601

Customer Reference Number:      C6614188.40464216

COR : 000001 of 000002

Filed        26-CI-001749     03/17/2026        David L. Nicholson, Jefferson Circuit Clerk

USPS MAIL PIECE TRACKING NUMBER:  42040601923609019403835921607S

MAILING DATE:        02/27/2026

DELIVERED DATE:    03/16/2026

Custom 1: DriverId-12990750

Custom 2: PartyId-83570929

Custom 3: SummonsNum-@00001138560

Custom 4: CentralMailId-287350

Custom 5: Source County-JEFFERSON Circuit

DOCUMENT

AM

NOT ORIGINAL

03/18/2026 08:47:54

89864-12

MAIL PIECE DELIVERY INFORMATION:

CORPORATION SERVICE COMPANY
315 HIGH STREET
FRANKFORT KY 40601

MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 02/27/2026 13:14 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 02/27/2026 15:53 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 03/02/2026 19:38 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 03/02/2026 20:53 | PROCESSED THROUGH USPS FACILITY | LOUISVILLE,KY 40221 |
| 03/03/2026 16:07 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 03/16/2026 04:35 | ARRIVAL AT UNIT | FRANKFORT,KY 40601 |
| 03/16/2026 06:10 | OUT FOR DELIVERY | FRANKFORT,KY 40601 |
| 03/16/2026 09:29 | DELIVERED INDIVIDUAL PICKED UP AT PO | FRANKFORT,KY 40601 |

COR : 000002 of 000002